133 F.3d 921
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Marlene FEARING, doing business as Real Estate by Marlene,
Inc., Plaintiff-Appellant,
v.
BURNS & WILCOX, LTD., as general agent for Agency Marketing
and/or individually, Third Party Defendant-Appellee.
 No. 96-3566.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 19, 1997.
Filed Dec. 29, 1997.
 
 Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Marlene Fearing appeals from the district court's[1] order granting summary judgment to Burns & Wilcox, Ltd. (B & W) in this diversity suit. The district court concluded that, by operation of Minnesota law, Fearing had no claim to pursue against B & W. After de novo review, we affirm.
 
 
 2
 The relevant facts are not in dispute. A supper club Fearing owned burned down. Unable to recover losses from her insolvent, out-of-state fire insurer, Fearing sued her insurance agent, Gary Banick, and the insurer's general agent, B & W, in state court. Banick cross-claimed against B & W for contribution. After the state court dismissed Fearing's claims against B & W as time-barred, Fearing and Banick settled. Banick paid Fearing $300,000 and assigned her his contribution claim against B & W. Fearing released Banick from the lawsuit and indemnified him from any claims made by B & W or others.
 
 
 3
 Fearing then pressed the assigned Banick claim, and B & W removed the case to federal court. The district court granted B & W's motion for summary judgment, concluding that, under Minnesota law, the settlement between Fearing and Banick included a Pierringer release that extinguished the settling defendant's contribution claim against B & W, a non-settling defendant. See Alumax Mill Prod., Inc. v. Congress Fin. Corp., 912 F.2d 996, 1010 (8th Cir.1990); Frey v. Snelgrove, 269 N.W.2d 918, 923 (Minn.1978). After careful review of the record and the arguments Fearing makes on appeal, we agree with the district court that the settlement and release executed by Fearing and Banick contains the essential elements of a Pierringer release, one effect of which was to extinguish Banick's assigned contribution claim against B & W. See Thompson v. Brule, 37 F.3d 1297, 1300 (8th Cir.1994); Alumax Mill, 912 F.2d at 1008. Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JOHN R. TUNHEIM, United States District Judge for the District of Minnesota